[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife commenced this action for a dissolution of the parties' marriage on the ground of irretrievable breakdown, by complaint returnable to this court December 6, 1994. She also sought custody and support of the parties' minor child, alimony, and other relief as on file. The defendant husband admitted the allegations of the complaint. In his cross complaint, he seeks a dissolution on the ground of irretrievable breakdown, joint custody of the minor child, alimony and other relief.
At trial, both parties were represented by counsel and testified. Each submitted financial affidavits, child support guideline worksheets, written proposed orders, and claims for relief. Numerous documents were introduced into evidence. The child was represented by counsel; all counsel made oral argument.
From the evidence, I find the following.
The parties married December 13, 1987, in Norwich, Connecticut. The wife has resided continuously in this state for more than one year after the filling of the complaint. They have one minor child, issue of the marriage, Hani Zaki Mansour, both [born] June 2, 1989. No other minor children were born to the wife since the date of the marriage. Neither party or the child is a recipient of public assistance, all statutory stays have expired and the court has jurisdiction. CT Page 4496
The wife is 36 years old, in good health and a high school graduate with some college courses. She works as a sales representative for Frito-Lay and earns $875 per week gross, $596[1] per week net from her employment. She has health and life insurance benefits, a stock option ownership plan, and a savings and pension plan associated with her employment. She also has rental income from two multi-family dwellings.
The husband is 34 years old and in good health. He holds a bachelor's degree in chemistry from Alexandria University in Egypt and has some community college courses. He is a United States citizen, has worked as a lab assistant for more than the past three years, earns $742 per week gross and $541[2] per week net. He too has life and health insurance benefits, deferred compensation plans and a pension plan available through his employment.
The parties entered into a `partial stipulation' (stipulation) relating to joint custody of the minor child, child support and visitation, and health insurance, which the court finds fair and equitable, and in the best interest of their child. The stipulation refers to the family relations report which was made Exhibit A.
The wife asserts that the cause of the marital breakdown was the husband's gambling and violence toward her. There were also some incidents of slapping by him of the child. The husband concedes he gambles, but denies the violence.
The parties separated in February, 1995. The spouses participated in marriage counseling at the husband's initiation, which did not improve matters. It is abundantly clear from the evidence, the plethora of motions filed and acted on, the hearings held, including an application for a restraining order, that the marriage has irretrievably broken down. From the evidence and the credibility of the parties, I cannot find that either spouse must bear a greater share of the responsibility for the shattering of their marriage.
The parties have these assets as disclosed on their financial affidavits. The wife holds in her sole name 48 Division Street, Norwich, Connecticut, and a one-half interest in 105 Roath Street, Norwich, Connecticut, both multiple family dwellings and both acquired by her prior to the marriage, and CT Page 4497 which have equities of $5,878 and $30,435 respectively. The couple jointly owns 428 New London Turnpike, Norwich, Connecticut, which was acquired by them for $118,000 with a down payment of $15,000 from the wife's funds. It now has an equity of $13,375.
They each have automobiles of modest value, and the wife is the record title holder of a 1992 Toyota which is equitably owned by the wife's mother.
The husband has a coin collection worth $5,000; bank accounts of $400 and 401K plans from his present and former employment which total $35,318. He reports the household furnishings to have a value of $30,000.
The wife reports the household furnishings to be worth $6,000; tenants' security deposits of $1,790; a bank account of $10, and an account for "fire code" work of $6,600, and her employment-related stock option and savings plans of $33,095.
Neither party reports the value of their defined benefit pension plans, itemized on their financial affidavits, a 1995 tax refund check of $2,509.47, the GMAC check of $155.37 or an insurance loss check of $1,070.44.
Against these assets, the husband reports liabilities of $30,382, which includes $3,300 in attorney's fees for his prior counsel; the wife reports $12,000 for "fire code" work.
The parties have equal employability; the wife has somewhat greater earnings and earning capacity than the husband. They appear to have comparable occupational skills. The wife has a greater opportunity than the husband to acquire capital assets and income in the future.
I make the following additional findings. The parties successfully completed the Parenting Education Program, General Statutes § 46b-69b. The child support of $112 per week for the parties' minor child is the presumptive amount suggested by the child support guidelines.
The husband has incurred gambling losses in excess of $6,000,[3] and probably has a severe gambling problem, in light of his frequent visits to the casino. CT Page 4498
There is an arrearage due the wife from the husband of $82.50 for past due unreimbursed dental expenses for the child and $719.05 for unreimbursed household expenses as a result of pendente lite orders for a total of $801.55.
The husband was in violation of an order entered pendente lite (Levine, J.) that he execute and deliver an authorization to wife's counsel in order to obtain certain bank and other records. He made a belated attempt to provide this authorization. His wilful disobedience to Judge Levine's order casts grave doubt on his credibility.
I disagree with the assertions by plaintiff's attorney that certain facts should be found concerning the defendant's finances in the light of Judge Levine's order, and I decline to find those facts proven. To the contrary, I find no credible evidence that the defendant possessed and secreted at any time after the date of the parties' marriage any significant amounts of assets.
The parties' debt at the time of separation was about $16,000 in various credit card bills. Some of the debt was for family expenses.
The husband's claim that he performed labor and spent funds on the marital dwelling and one of the wife's income properties is not persuasive. There is no corroboration, nor any records of the amounts he expended. Furthermore, there is no evidence that his efforts contributed to an increase in value in the properties. In fact, the marital dwelling declined in value from the date of purchase.
The wife's claim that the 1994 income tax refund check in fairness should be hers because of her "overwithholding" and the husband's "underwithholding" is also rejected. What the wife fails to recognize is that during almost all of 1994, the husband's entire net income was deposited into the couple's joint checking account which was used by the parties for family purposes. Hence, she was benefitted [benefited] by his increased take home pay.
The wife took approximately $12,000 from the parties' joint checking account. This money came from insurance proceeds for a fire loss at the marital dwelling. The wife did CT Page 4499 not substantially comply with a court order that she provide an accounting of the disbursement of the money, casting doubt on her credibility. Her explanation of the disbursements of a portion of these funds on "living expenses" is not convincing, in view of an almost contemporaneous deposit of a comparable amount into an account held jointly with her mother.
The child's attorney is entitled to $1,125 in counsel fees for his representation of the child in this case. I find that his fees are fair and reasonable, and reasonably necessary to represent the best interests of the child.
I have considered all of the statutory criteria in General Statutes §§ 46b-62, 46b-81, 46b-82 and 46b-84
and the application of the child support guidelines in the determination of the financial orders set forth below in the light of the evidence and my findings.
Judgment may enter dissolving the marriage on the ground of irretrievable breakdown. It is also ordered that:
(1) Joint legal custody of the minor child is awarded to the parties, primary residence with mother, rights of visitation with father under the terms and conditions set forth in the family relations report (Exhibit A), and the `stipulation,' the terms of which are incorporated herein by reference, except as set forth below.
(a) The father shall have alternating weekends commencing Friday, June 14, 1996, and shall take the child to counseling. The mother may arrange counseling for the child at other times, so that each parent may bring the child to counseling for alternating sessions.
(b) The father shall have visitation with the child on Coptic Christmas Eve and Day and Easter. When the Easter holiday coincides with the day Easter Sunday is regularly celebrated by `mainstream' Christian religions in the United States, the parties shall alternate the same. The wife shall have `mainstream' Christmas Eve and Day as celebrated in the United States.
(c) The father shall have two weeks vacation in the summers of 1996 and 1997, with the child being with the mother CT Page 4500 in the intervening weekends and Wednesday evenings from 5 p.m. to 8 p.m. In future summers, the father and mother shall each have the child for four weeks, divided into periods of two consecutive weeks each, and the other parent shall be entitled to telephone the child at least twice per week.
(d) The father shall not smoke with the child present.
(e) In any case where the visitation provided in (a), (b) or (c) above conflict with the parties' agreement or the recommendation in the family services report, said orders shall be superseding.
(2) The father shall pay to the mother as child support, the sum of $112 per week to be secured by immediate wage withholding, payments to be made directly to mother.
(3) Each shall be entitled to claim the child as a dependent for income tax purposes in alternating years, the father in even-numbered years, if current on his obligation at the end of the year; the mother in odd-numbered years.
(4) Each shall maintain health insurance available through their employment for the benefit of the child and pay one half of the unreimbursed or uncovered health-related expenses for the child. An order pursuant to § 46b-84 (d) shall enter. The husband shall cooperate with wife's application to remain covered under his health insurance policy under COBRA or applicable law at her sole expense.
(5) No alimony is awarded to either party.
(6) Each shall pay his or her own attorney's fees.
(7) Each shall pay one half of the child's attorney's fees of $1,125, or $562.50 within sixty (60) days.
(8) The following property is assigned to the wife: 105 Roath Street, Norwich, Connecticut; 48 Division Street, Norwich, Connecticut; and 428 New London Turnpike, together with all personal property therein, except as set forth below, and subject to all mortgages and encumbrances thereon which she shall pay and save the husband harmless therefrom; the bank accounts and motor vehicles shown on her financial affidavits' CT Page 4501 and her deferred compensation, stock option and pension plans.
(9) The following property is assigned to the husband: the 1989 Nissan motor vehicle; the coins; his bank account; his 401K plans at Pfizer and his former employer; his pension benefits; the tangible personal property now in his possession and these items: one half of the wedding and vacation photographs and one half of the son's photographs; bookcase; desk and chair; file cabinet; 19-inch television set; rocking chair; complete sofa bed and table; two oriental rugs; one wall clock; Panasonic phone answering machine; Egyptian antiques and picture; video camera; one twin bed and mattress and one set of matching linens; alarm clock; circular saw; electric drill; and, the Egyptian-made curtains.
(10) The three checks of $2,509.47, $155.37 and $1,070.44 shall be divided equally. The arrearages of $82.50 and $719.05 shall be deducted from the husband's share and paid over to the wife.
(11) Each shall maintain the child as irrevocable beneficiary of the life insurance they now have in effect until the child reaches age 19, or graduates high school, whichever first occurs, pursuant to the provisions of § 46b-84. If the parties enter into a written agreement extending said insurance coverage beyond the child's 19th birthday, the same is approved and judgment shall enter accordingly. Each spouse shall execute and deliver an authorization to the other to obtain information relating to the status and good standing of the insurance policy or policies.
(12) The wife shall contribute $5,000 toward the liabilities shown on the husband's financial affidavit, Schedule 3, by payments to him at the rate of $50 per week, until paid. He shall, in turn, indemnify and save her harmless from said liabilities. Said $5,000 shall be secured by a mortgage lien on the family dwelling and shall become immediately due and payable, at the option of the defendant, upon the death or remarriage of the plaintiff, her cohabitation pursuant to the provisions of § 46b-86 (b), or her sale or transfer of an interest in the premises, shall bear interest at the rate of ten (10) percent per annum upon acceleration, and provide for reasonable attorney's fees and costs of collection. She shall pay the liabilities shown on her financial affidavit and save him harmless. CT Page 4502
(13) All restraining orders are vacated.
(14) All documents incidental or necessary to the effectuation of these orders, including the decree and the transfer of personal property, shall be completed and exchanged within thirty (30) days hereof.
Teller, J.